## GARTLAND v. PENNSYLVANIA R. CO.

### (Circuit Court, E. D. Pennsylvania. December 27, 1901.)

### No. 63.

RAILROADS—ACTION FOR INJURY AT CROSSING—QUESTIONS FOR JURY.

A verdict for defendant in an action against a railroad company to recover for an injury at a crossing will not be set aside, unless a mistake has plainly been committed, where it was evidently based on the contributory negligence of plaintiff, and the testimony was conflicting as to whether he stopped at all before attempting to cross the track, and, if so, whether he chose a suitable place for observation.

At Law. On motion for new trial.

S. Morris Wain and John W. Westcott, for plaintiff.

David W. Sellers, for defendant.

J. B. McPHERSON, District Judge. It can hardly be doubted that this verdict must have been based upon the contributory negligence of the plaintiff; for the defendant's failure to give the grade-crossing signals that are required by the New Jersey statute was

not denied, and it is most unlikely that the court's instructions upon this subject, which were accepted by both parties as satisfactory, were disregarded by the jury. Upon the question of the plaintiff's negligence the evidence was conflicting, but, at the best, it was so nearly balanced that I do not see my way to disturb the verdict. Whether the plaintiff stopped at all, or, if he stopped, whether he had chosen a suitable place for observation, before attempting to cross the track, were essentially questions of veracity, and such questions lie especially within the province of a jury. Their decision to rely upon one witness, or one set of witnesses, rather than upon another, ought not to be set aside unless a mistake has plainly been committed. I am unable to say that such a mistake is apparent in the present case, and therefore the pending motion should not prevail.

A new trial is refused.